IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT ERICK HEINZ,

Petitioner,

v.

DON MILLS,

Respondent.

Civil No. 2:11-cv-00950-PA

OPINION AND ORDER

TONIA L. MORO
19 South Orange Street
Medford, OR 97501

Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
KRISTEN E. BOYD
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

Attorneys for Respondent

PANNER, Judge.

Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the court DENIES the Petition for Writ of Habeas Corpus (#2).

**BACKGROUND**

On March 27, 2002, a Multnomah County grand jury indicted petitioner on two counts of Aggravated Murder and one count each of Robbery in the First Degree with a Firearm and Felon in Possession of a Firearm. The charges arose from petitioner's actions on March 11, 2002, when he shot and killed the victim in the middle of the day on a downtown Portland street, in the presence of numerous witnesses.

At trial, petitioner presented a defense that he was impaired by mental disease or defect. He presented evidence that he believed the victim was a pedophile and rapist who had raped a friend of petitioner's. The jury convicted petitioner on all charges and, following a penalty-phase trial, sentenced petitioner to life without the possibility of parole. Petitioner filed a direct appeal, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Heinz*, 212 Or. App. 218, 157 P.3d 796, *rev. denied*, 342 Or. 727, 160 P.3d 992 (2007).

Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Heinz v. Hall*, 241 Or. App. 572, 250 P.3d 464, *rev. denied*, 350 Or. 423, 256 P.3d 1097 (2011).

On August 8, 2011, petitioner filed his *pro se* Petition for Writ of Habeas Corpus in this court alleging numerous claims of ineffective assistance of trial and appellate counsel. The court appointed counsel to represent petitioner, and in the counseled Brief in Support of Petition for Writ of Habeas Corpus, petitioner argues two claims of ineffective assistance of trial counsel. In the first claim, Petitioner argues trial counsel failed to properly advise petitioner about the wisdom of accepting a plea offer because in three respects: (1) counsel failed to inform petitioner that a certain witness would not testify; (2) counsel failed to advise petitioner the prosecution could prove venue on the robbery charge; and (3) counsel failed to determine before trial whether evidence of an incident in Klamath Falls would be admitted. In his second claim, petitioner argues counsel failed to properly object at trial to the testimony of the state's expert witness.

Respondent argues petitioner procedurally defaulted all the claims alleged in his petition except two: (1) his claim that counsel was ineffective for failing to inform Petitioner that witness Kimberly Anderson would not be available to testify at trial; and (2) that petitioner would have accepted the plea offer had he known Anderson would not testify. As to those two claims, Respondent argues the PCR trial court's decision denying relief

was not contrary to or an unreasonable application of clearly established federal law and, as such, entitled to deference.

Petitioner does not concede he procedurally defaulted any claims. Petitioner does, however, request an evidentiary hearing so he may establish cause and prejudice under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) to excuse any failure to exhaust any claims which may have been defaulted.

**DISCUSSION**

**I. Procedural Default**

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by "fairly presenting" his claim to the appropriate state courts at all appellate stages afforded under state law, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004).

When a state prisoner fails to exhaust his federal claims in state court, and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If a state prisoner procedurally defaults on a claim in state court,

a federal court will not review the claim unless the state prisoner shows cause for the procedural default and actual prejudice from it, or that "failure to consider the claims will result in a fundamental miscarriage of justice." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, petitioner presented numerous claims of ineffective assistance of trial and appellate counsel to the PCR trial court. On appeal, however, petitioner's PCR appellate counsel raised only one assignment of error:

> The court erred below in finding that petitioner received adequate and effective assistance of counsel, in spite of trial counsel's failure to call an essential defense witness, or in the alternative, failure to advise petitioner pretrial that the testimony of said witness would be counterproductive to his cause (resulting in petitioner rejecting a favorable plea offer that he would have otherwise accepted.)

Resp. Exh. 148, p. 6. In his Petition for Review to the Oregon Supreme Court, petitioner reiterated this claim, arguing he was denied effective assistance of trial counsel:

> [M]ost significantly in regard to trial counsel's failure to subpoena an essential defense witness, or in the alternative, inform petitioner up front that the testimony of said witness would not be sought because it could be counterproductive to his cause (which would have motivated petitioner to accept a favorable plea offer that he chose to decline primarily based on the favorable testimony he anticipated this particular witness giving.)

Resp. Exh. 150, pp. 1-2.[1]

Petitioner did not fairly present the remaining claims of ineffective assistance of trial and appellate counsel to the Oregon Court of Appeals or the Oregon Supreme Court. Because the time to do so has expired, those claims are procedurally defaulted.

As noted, petitioner does not directly concede that he procedurally defaulted the remaining claims, but does seek an evidentiary hearing so he may establish cause for any default of his claims. Petitioner argues the default is attributable to the deficient performance of PCR trial counsel such that the default should be excused. Petitioner argues his PCR trial counsel was deficient when he "failed to thoroughly investigate and develop the meritorious claims of ineffective assistance of trial counsel." Brief in Support, p. 43. Petitioner argues that had PCR counsel performed adequately, and had he provided the necessary evidentiary support for the claims asserted to the PCR

---

[1]Within the PCR brief to the Oregon Court of Appeals, counsel included the following parenthetical: "In limiting himself for purposes of this appeal to the allegation cited above, petitioner is not necessarily abandoning or forever waiving the other allegations made in his Third Amended Petition for Post-Conviction Relief." Resp. Exh. 148, p. 5. To the extent this parenthetical might be construed as an attempt to incorporate the remaining claims into the appeal by reference, such an attempt is not sufficient to fairly present those claims on appeal. *See Farmer v. Baldwin*, 346 Or. 67, 80, 205 P.3d 871 (2009); *Jackson v. Belleque*, 2010 WL 348357, *4 (D. Or. Jan. 21, 2010); *Cabine v. Belleque*, 2010 WL 1141354, * 12 (D. Or. March 19, 2010).

trial court, there is a reasonable probability that post-conviction relief would have been granted.

Traditionally, the performance of PCR counsel could not be used to establish cause and prejudice to excuse a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991) (only the constitutionally ineffective assistance of counsel constitutes cause); *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987) (there is no constitutional right to counsel in a PCR proceeding). However, in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Supreme Court found "it . . . necessary to modify the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a post-conviction proceeding does not qualify as cause to excuse a procedural default." *Id.* at 1315. It concluded, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.*

*Martinez* only excuses a default where PCR trial counsel was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984) for failing to raise a substantial claim of ineffective assistance of trial counsel. *See Martinez*, 132 S.Ct. at 1318. *Martinez* does not support the conclusion that any alleged failure on PCR trial counsel's part to thoroughly develop claims of ineffective assistance of counsel raised during

petitioner's post conviction proceeding would serve as a basis to excuse a procedural default. *See Id.*; *Whiley v. Mills*, 2013 WL 840084 *8 (D. Or. Mar.4, 2013); *see also Lopez v. Ryan*, 678 F.3d 1131, 1137 (9th Cir. 2012)(declining to decide whether *Martinez* should be expanded to apply to PCR counsel's ineffective failure to develop the factual basis of a claim).

Moreover, petitioner does not address the fact that the default in this case was not caused by counsel on PCR initial review, but rather by counsel on the PCR appellate review. As there is no authority extending *Martinez* to the performance of PCR appellate counsel, *Martinez*, 132 S.Ct. at 1320, and as the procedural default was not caused by the deficient performance of PCR trial counsel, *Martinez* cannot excuse petitioner's default. Because the court can resolve the procedural default issue on the existing record, an evidentiary hearing is not warranted. *See Schriro v. Landrigan*, 550 U.S. 465, (2007) (where the record in the case precludes habeas relief, a district court is not required to hold an evidentiary hearing).

**II. Relief on the Merits**

An application for a writ of habeas corpus shall not be granted unless the adjudication on the merits in State court was:

> (1) contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In *Williams v. Taylor*, 529 U.S. 362, 386-389 (2000), the Supreme Court construed this provision as requiring federal habeas courts to be highly deferential to the state court decisions under review. In *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398-1402 (2011), the Court reiterated the highly deferential nature of federal habeas review, and limited federal review "to the record that was before the state court that adjudicated the claim on the merits."

A state court decision is "contrary to" clearly established federal law if it is "in conflict with," "opposite to," or "diametrically different from" Supreme Court precedent. *Williams*, 529 U.S. at 388. An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) (citing *Williams*, 529 U.S. at 413), *cert. denied*, 546 U.S. 963 (2005). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."

*Harrington v. Richter*, 131 S.Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

A habeas petition may also obtain relief if the state courts' decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Federal courts must presume the correctness of the state court's factual findings, but a habeas petitioner may rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Winzer v. Hall*, 494 F.3d 1192, 1196 (9th Cir. 2007).

To prevail on a claim of ineffective assistance of counsel, a petitioner must prove: (1) counsel's performance fell below an objective standard of reasonableness and, (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-88; *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Williams*, 529 U.S. at 391 (quoting *Strickland*, 466 U.S. at 694). Failure to make the required showing on either prong defeats the ineffectiveness claim. *Strickland*, 466 U.S. at 697.

For the performance prong, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. Moreover, "a court must indulge [the] strong presumption that counsel made all significant decisions in the exercise of reasonable professional judgment." *Pinholster*, 131 S.Ct. at 1407 (quoting *Strickland*) (internal quotation marks omitted). The reasonableness of counsel's conduct must be evaluated in light of the facts of the case and the circumstances at the time of representation. *Strickland*, 466 U.S. at 690.

A doubly deferential standard of review applies to federal habeas review of ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 1420 (2009); *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010) (deference under § 2254 and deference under *Strickland*). Petitioner must prove that there is no reasonable argument that counsel satisfied *Strickland's* deferential standard. *Premo v. Moore*, 131 S.Ct. 733, 740 (2011); *Harrington*, 131 S.Ct. at 788.

It is well established that the two-part *Strickland* test applies to challenges to guilty pleas based upon ineffective assistance of counsel. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). "In the context of pleas a [petitioner] must show the outcome of the plea process would have been different with competent advice." *Lafler*,

132 S.Ct at 1384-85 (citing *Missouri v. Frye*, 132 S.Ct. 1399, 1410 (2012)) (additional citations omitted). In other words, in order to prevail upon a claim that counsel's ineffective advice led to the rejection of a plea offer, a petitioner must show:

> [T]hat but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 132 S.Ct. at 1385.

Petitioner argues trial counsel was ineffective in failing to advise petitioner of the loss of contact with witness Kimberly Anderson and failed to relay to petitioner until mid-trial that she would not be available to testify. Had he known this, petitioner contends, he would have accepted the state's prior plea offer.

The PCR trial judge rejected petitioner's claim in written Findings issued after the conclusion of the PCR trial. As to petitioner's claim that counsel had lost contact with witness Anderson and that she would not be available to testify at trial, the judge stated:

> Petitioner's claim appears to be that if he had known that Anderson was not available to testify he would have accepted a plea deal. The court does not find this to be credible. First, the only evidence in

> this record that Anderson's testimony would have been favorable to petitioner is petitioner's statement in his deposition. The statement she gave to police was not helpful. Attorney Falls indicated in his deposition that they were not able to confirm that Anderson would testify favorably to the defense. Attorney Bender said petitioner had been told well before trial that it was unlikely they would use Anderson. Finally, it was beyond rational belief that petitioner, facing a potential death penalty refused plea bargains through 4 settlement conferences on the strength of his belief about Anderson's testimony. I find that this whole contention is false and without merit. This claim fails.

Resp. Exh. 147, p. 4. As to petitioner's claim that trial counsel failed to properly advise him regarding the wisdom of accepting plea offers prior to trial, the judge stated:

> All of the evidence to the record is to the contrary. Given the experience level of the trial attorneys in death cases; the fact that petitioner went through 4 settlement conferenc[s] with his attorneys, 3 different judges and the DDA all aimed at settling the case to avoid the possibility of a possible death sentence the court finds the evidence from trial counsel and the DDA highly convincing that petitioner was fully advised as to the wisdom of accepting a plea deal. His assertions to the contrary are just simply too farfetched to be believable.

Resp. Exh. 147, p. 4.

The PCR trial judge's decision that counsel was not deficient was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. Trial counsel's advice throughout the settlement conferences and trial was well within the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 688-89. Moreover, in

addition to trial counsels' affidavits, other evidence in the record supported the PCR trial judge's finding that petitioner did not refuse plea bargains through four settlement conferences solely on the basis of his belief Anderson would testify on his behalf. Finally, petitioner has not established that, but for the alleged error of counsel, the outcome of the plea process would have been different. *See Lafler*, 132 S.Ct at 1385 (a petitioner must show that the court would have accepted the terms of the rejected plea offer, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that were in fact imposed).

**CONCLUSION**

For these reasons, the court DENIES the Petition for Writ of Habeas Corpus (#2).

The court DENIES a certificate of appealability as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 14 day of August, 2014.

Owen M. Panner
United States District Judge